UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LINDA BEAULIEU
        Plaintiff,

v.                                                                                       C.A. No. 12-124 ML

UNITED STATES OF AMERICA,
W. CURTIS LAFRANCE, JR., M.D.,
JOSEPH FRIEDMAN, M.D., and
KEITH BRECHER, M.D.,
        Defendants.

## MEMORANDUM AND ORDER

Plaintiff, Linda Beaulieu ("Plaintiff") has filed a medical malpractice claim against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and § 2671 et seq., and against three physicians pursuant to Rhode Island state law. Defendant, the United States of America ("Defendant"), has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] Plaintiff has not responded to the motion.[2] This Court must, however, consider the motion on its merits. Pomerleau v. West Springfield Public Schools, 362 F.3d 143 (1st Cir. 2004).

### I. Standard of Review

When a court is confronted with a motion to dismiss under both Rules 12(b)(1) and

---

[1] The three individual physician defendants are not parties to this motion.

[2] Plaintiff's response to the motion was due on or before July 23, 2012.

1

12(b)(6), the court should ordinarily decide the 12(b)(1) motion first. Katz v. Pershing, LLC, 672 F.3d 64 (1st Cir. 2012). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the court construes Plaintiff's complaint liberally and ordinarily "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks and citation omitted). The court must credit Plaintiff's well-pled factual allegations and draw all reasonable inferences in Plaintiff's favor. Merlonghi v. United States, 620 F.3d 50 (1st Cir. 2010). The party invoking jurisdiction has the burden of establishing it. Johansen v. United States, 506 F.3d 65 (1st Cir. 2007).

## II. Facts[3]

In her complaint, Plaintiff alleges that an employee of the United States government committed medical malpractice. On or about February 18, 2011, Plaintiff, through counsel, presented her administrative claim to the Department of Health and Human Services ("HHS"). On or about March 10, 2011, HHS forwarded Plaintiff's counsel a letter acknowledging receipt of the claim. The letter directed Plaintiff to forward to HHS fundamental documentation concerning the claim in order to allow HHS to substantiate and investigate the matter. The letter also advised Plaintiff that

> failure to furnish evidence necessary to make a determination of . . . [the] administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the . . . claim. Further, a claimant's failure to provide[] requested evidence during the . . . claim process may result in a finding that . . . <u>administrative remedies have not been exhausted,</u> even if suit is filed more than six months after filing an administrative . . . claim. See Swift v. United States, 614 F.2d 812 (1st Cir. 1980).

Defendant's Motion To Dismiss, Exhibit 2 (emphasis added).

---

[3]The Court summarizes only the pertinent facts concerning Defendant United States of America.

On or about July 20, 2011, HHS sent a *second* letter to Plaintiff's counsel, informing Plaintiff that HHS had not received a response to the March 10 letter and that should Plaintiff "wish to have evidence pertinent to [her] allegations . . . considered, [she should] forward the documents to [HHS] . . . within 30 days of receipt of [the] letter." Id. at Exhibit 3. The letter again summarized the consequences concerning the failure to furnish the requested documentation.

HHS sent the July 20, 2011, letter to Plaintiff's counsel by certified mail-return receipt requested. The letter was delivered July 22, 2011. Notwithstanding the warning, Plaintiff did not forward the requested documentation to HHS. On or about October 31, 2011, Plaintiff filed this action in Rhode Island state court. The matter was then removed to this Court. Plaintiff has subsequently filed an amended complaint.

III. Analysis

The FTCA is the avenue by which individuals may sue the United States government for the tortious conduct of its employees. Lazarini v. United States, 898 F. Supp. 40 (D.P.R. 1995), aff'd, 89 F.3d 823 (1st Cir. 1996) (per curiam) (unpublished). The FTCA provides a "carefully limited waiver" of the federal government's sovereign immunity. Bolduc v. United States, 402 F.3d 50, 62 (1st Cir. 2005). Because the FTCA provides a waiver of sovereign immunity, the FTCA must be "construed strictly in favor of the federal government[.]" Carroll, 661 F.3d at 94 (internal quotation marks and citation omitted).

A plaintiff may not file a claim under the FTCA in court until "(i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the

administrative claim – whichever comes first." Kodar, LLC v. United States, ___ F. Supp. 2d ___, ___ (D.R.I. 2012). Exhaustion of administrative remedies is a jurisdictional prerequisite to the prosecution of a FTCA claim. Redondo-Borges v. United States Department of Housing and Urban Development, 421 F.3d 1 (1st Cir. 2005); see also Acosta v. United States Marshals Service, 445 F.3d 509 (1st Cir. 2006) (exhaustion viewed as non-waivable jurisdictional requirement). Failure to comply with the jurisdictional requirement results in a plaintiff's claim being "forever barred." 28 U.S.C. § 2401(b).

Defendant moves to dismiss Plaintiff's claim, under Fed. R. Civ. P. 12(b)(1), based on the claim that, by failing to respond to HHS's request for pertinent information, Plaintiff has abandoned her administrative claim and thus failed to exhaust her administrative remedies.

HHS's letters to Plaintiff explicitly warned Plaintiff of the ramifications of a failure to provide HHS with the requested documentation. In Swift v. United States, 614 F.2d 812 (1st Cir. 1980), the First Circuit concluded that a claimant under the FTCA had failed to exhaust her administrative remedies because the claimant's counsel did not provide the United States Forest Service with requested documentation supporting her claim. Id. Swift held that, because the plaintiff failed to provide the agency with requested information, the plaintiff prevented the agency from evaluating the claim for settlement purposes, thus the six-month period in which an agency must process a claim was not triggered. Id. at 814; see generally 28 U.S.C. § 2675(a). The court concluded that because the six month processing period was never triggered, plaintiff's administrative remedies were not exhausted and the court thus lacked jurisdiction. Swift, 614 F.2d at 814 ("six month period in which agency must process a claim . . . was not triggered").

4

> The purpose of requiring preliminary administrative presentation of a claim is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits. . . .

Swift, 614 F.2d at 814 (internal quotation marks and citation omitted)

HHS "can not be faulted for its . . . attempts to elicit the necessary information from counsel." Id. "Here, counsel's failure to document the personal injury . . . [in] the administrative claim precluded the agency from evaluating the . . . claim for settlement purposes." Id. Like the plaintiff in Swift, because Plaintiff did not provide the requested documentation to HHS, the six month agency processing period was never triggered.[4] Plaintiff filed suit prior to HHS's final disposition of her claim. See Swift, 614 F.2d at 813-14. As a result, Swift clearly dictates that Plaintiff did not exhaust her administrative remedies before filing suit; thus this Court lacks the subject matter jurisdiction to decide Plaintiff's claim. Swift, 614 F.2d 812; see also Snow v. United States Postal Service, 778 F. Supp. 2d 102, 108 (D. Me. 2011) (citing Swift for the proposition that a claimant must exhaust administrative remedies or a court does not have subject matter jurisdiction); Lopez v. United States, 349 F. Supp. 2d 179, 188 (D. Mass. 2004) (citing Swift for the proposition that "dismissal of claim [was proper] where counsel's neglect prevented the agency from acting on the claim") (internal quotation marks and citation omitted); Booten v. United States, 95 F. Supp. 2d 37, 48 (D. Mass. 2000) (noting that "unlike Swift[,]" Booten was

---

[4] As in Swift, this is "simply not a case . . . where the agency failed to act within six months after receipt of the administrative claim, thus enabling plaintiff to treat the agency's inaction as a denial of the claim . . . and to institute suit in . . . court." Swift, 614 F.2d at 814.

"not a case in which neglect . . . on the part of a plaintiff prevented the agency from acting on the claim[]"); see also Lopez v. United States, 758 F.2d 806, 810 (1st Cir. 1985) (distinguishing Swift and noting that in Swift "plaintiff's counsel spurned the government's repeated requests for more information after the claim form had been filed").

## IV. Conclusion

Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted.[5]

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
July 31, 2012

---

[5] As a result the Court's ruling, the Court need not address Defendant's remaining arguments.